# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRODUCTS 2 RETAIL, INC. and NATIONAL EXPRESS, INC. <br><br> Plaintiffs, <br><br> v. <br><br> MUELLER DIRECT, <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Products 2 Retail, Inc. and National Express, Inc., do hereby, through their attorneys, allege as follows:

## THE PARTIES

1. Plaintiff Products 2 Retail, Inc. ("P2R"), is a New York Corporation with a principal place of business at 34 Kimberly Drive, Westhampton, New York 11977.

2. Plaintiff National Express, Inc. ("NEI"), is a Connecticut Corporation with a principal place of business at 2 Morgan Avenue, Norwalk, Connecticut 06851 (P2R and NEI hereafter collectively referred to as "Plaintiffs").

3. Upon information and belief, Müeller Direct ( "Mueller"), is an Austrian company with a principal place of business at 412 N. Main Street, Suite 100, Buffalo, WY 82834.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement and unfair competition under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, trademark infringement under Connecticut common law, and for unfair and deceptive trade practices in violation of the

Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-110(a) *et seq*).  Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

5. This Court has personal jurisdiction over Mueller in that it transacts business in this judicial district and/or has committed acts within this judicial district giving rise to this action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

7. P2R is a marketing company focused on identifying, sourcing, and developing unique, problem-solving products while connecting them with television and retail marketers.

8. P2R owns numerous trademarks for its retail products including but not limited to U.S. Trademark Registration No. 3462818 for the mark CHOP WIZARD, filed on April 7, 2006 and registered on July 8, 2008 covering non-electric hand-operated food processor for chopping onions, vegetables, fruits and the like, in Class 8.

9. P2R is also the owner and licensor of several trademarks including, but not limited to, the following (collectively, the "VIDALIA CHOP WIZARD Marks"):

   a. U.S. Trademark Registration No. 5239174 for the mark

 filed on December 18, 2015 and registered on July 11, 2017 covering Hand-operated food dicers; Hand-operated food processor; Hand-operated food slicers; Hand-operated vegetable shredders; Hand-operated vegetable slicers; Hand-operated fruit shredders; Hand-operated

2

fruit slicers, in Class 8;

b.  U.S. Trademark Registration No. 5239173 for the mark VIDALIA CHOP WIZARD filed on December 18, 2015 and registered on July 11, 2017 covering Hand-operated food dicers; Hand-operated food processor; Hand-operated food slicers; Hand-operated vegetable shredders; Hand-operated vegetable slicers; Hand-operated fruit shredders; Hand-operated fruit slicers, in Class 8;

c.  Common law trademark  ; and

d.  Common law trademark  .

10.  P2R owns both common law and federally registered rights to its well-known VIDALIA CHOP WIZARD Marks used on and in connection with kitchen tools including vegetable choppers.

11.  NEI is an independently owned direct response company focusing on bringing products directly to consumers via television, internet, print, mail order, and retail.  Founded in 1981, it is one of the oldest and most respected companies in the direct response industry.

12.  Pursuant to a March 1, 2017 License Agreement between P2R and NEI, NEI is the exclusive licensee of the VIDALIA CHOP WIZARD Marks, with the right, amongst other things, to manufacture and sell goods bearing the VIDALIA CHOP WIZARD Marks.

13. NEI began using one or more of the VIDALIA CHOP WIZARD Marks in commerce at least as early as 2006.

14. Plaintiffs have made a substantial investment in creating, promoting, and protecting the VIDALIA CHOP WIZARD Marks, including throughout the United States, and as a result the VIDALIA CHOP WIZARD Marks have developed a high degree of recognition and substantial goodwill among the industry, the trade, the media, and consumers.

15. Upon information and belief, Mueller markets and sells, among other things, kitchen tools including vegetable slicers.

16. Upon information and belief, Mueller makes, uses, sells, and/or offers for sale, all without authorization or permission from Plaintiffs, competitive vegtable slicer products under the confusingly similar name "Vidalia Chopper Pro" in commerce throughout the United States, including in this judicial district, at least through its website http://www.muellerdirect.com/product/vidalia-chopper-pro-vegetable-chopper-by-mueller/ and on Amazon at https://www.amazon.com/Vidalia-Chopper-Vegetable-M%C3%BCeller-Vegetable-Fruit-Cheese-Onion/dp/B01HC7BNJA/ref=sr_1_1?ie=UTF8&qid=1497368145&sr=8-1&keywords=vidalia+pro+chopper (the "Vidalia Chopper Pro" tradename).  See also Exhibit A, attached hereto.

17. Mueller has infringed and continues to infringe Plaintiffs' VIDALIA CHOP WIZARD Marks by various acts as alleged herein including, but not limited to, advertising, marketing, offering for sale, and selling vegetable slicers under its confusingly similar Vidalia Chopper Pro tradename throughout the United States, targeting similar consumers as NEI, and in

4

the same channels of trade as NEI's goods, and will continue to do so unless enjoined therefrom by this Court.

18. Mueller's conduct as alleged herein has confused and/or is likely to confuse consumers as to the source, sponsorship, endorsement, and or origination of Mueller's products.

19. Plaintiffs have been irreparably harmed by Mueller's infringement to an extent not yet determined, and will continue to be irreparably harmed in the future unless Mueller is enjoined from its activities by this Court.

20. Mueller's actions as alleged herein have been undertaken willfully and in bad faith.

21. On June 16, 2017, NEI sent Mueller a letter demanding that it immediately cease and desist from infringing the VIDALIA CHOP WIZARD Marks. A true and accurate copy of the June 16, 2017 letter is attached hereto as Exhibit B.

22. Mueller has failed and refused to comply with the demands of Plaintiffs' June 16, 2017 letter.

## COUNT I
**(Federal Trademark Infringement)**

23. Plaintiffs repeat and reallege paragraphs 1 - 22, above, as though fully set forth herein.

24. This is a claim for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

25. Mueller has infringed Plaintiffs' federally-registered VIDALIA CHOP WIZARD Marks by selling and/or offering for sale its vegetable slicer product under the confusingly similar Vidalia Chopper Pro tradename, in commerce in association with products and services that are the same as and/or substantially similar to Plaintiffs' goods offered under the VIDALIA

5

CHOP WIZARD Marks, by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

26.	Mueller's unauthorized use of the Vidalia Chopper Pro tradename in connection with the sale, offering for sale, distribution, and advertising of Mueller's vegetable slicers are intended to trade upon the goodwill and substantial recognition associated with Plaintiffs' VIDALIA CHOP WIZARD Marks used on or in connection with kitchen tools.

27.	Mueller's unauthorized use of Plaintiffs' VIDALIA CHOP WIZARD Marks in association with Mueller's products and services is intended to cause confusion, mistake or deception.

28.	Upon information and belief, at the time of committing certain acts alleged herein, Mueller had actual knowledge of Plaintiffs' ownership and prior use of its VIDALIA CHOP WIZARD Marks in connection with vegetable slicers manufactured and sold by NEI.

29.	By virtue of these acts, Mueller has further created a likelihood of injury to Plaintiffs' business, caused a strong likelihood of customer confusion as to the source of Mueller's products and services, and has otherwise competed unfairly with Plaintiffs.

30.	By these acts, Mueller has willfully infringed Plaintiffs' federally-registered VIDALIA CHOP WIZARD Marks in violation of 15 U.S.C. § 1114.

31.	Mueller's aforesaid acts of infringement have injured and violated the rights of Plaintiffs in an amount to be determined at trial.  Mueller's acts complained of herein have caused damage to Plaintiffs and have irreparably injured the public recognition and goodwill associated with Plaintiffs' VIDALIA CHOP WIZARD Marks.

32.	Further, by these acts, Mueller has irreparably injured Plaintiffs and such injury will continue unless enjoined by this Court.

## COUNT II
### (Federal Unfair Competition and False Designation of Origin)

33. Plaintiffs repeat and reallege paragraphs 1-32, above, as though fully set forth herein.

34. This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

35. In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Mueller has created and will continue to create a false designation of origin by selling and using in commerce, without permission of, or license from Plaintiffs, the Vidalia Chopper Pro tradename in connection with its vegetable slicer product, which will confuse and/or likely confuse potential customers into believing that Mueller's products and services are associated with, sponsored by, or approved by Plaintiffs.

36. Upon information and belief, at the time of committing certain acts alleged herein, Mueller had actual knowledge of Plaintiffs' ownership and prior use of its VIDALIA CHOP WIZARD Marks for use in connection with kitchen tools including vegetable choppers.

37. Mueller's aforesaid unauthorized acts have been willful and have injured and violated the rights of Plaintiffs in an amount to be determined at trial.

38. Further, by its actions, Mueller has irreparably injured Plaintiffs, and such irreparable injury will continue unless this Court enjoins Mueller.

## COUNT III
### (Connecticut Common Law Trademark Infringement)

39. Plaintiffs repeat and reallege paragraphs 1 - 38, above, as though fully set forth herein.

40. This is an action for common law trademark infringement arising under common law of the state of Connecticut.

41. By virtue of the aforesaid acts, Mueller has attempted to and has created confusion as to the source of its products and services.

42. Such acts have the natural and probable tendency to deceive the public so as to essentially pass off Mueller's products as those of Plaintiffs' products.

43. As a result of Mueller's aforesaid acts, ordinary buyers making purchases under ordinary conditions have and will be confused and deceived.

44. As a result of Mueller's aforesaid acts, Plaintiffs have suffered and will continue to suffer damages in an amount to determine at trial.

45. Further, by its actions, Mueller has irreparably injured Plaintiffs, and such irreparable injury will continue unless this Court enjoins Mueller.

## COUNT IV
**(Unfair Competition – Connecticut Unfair Trade Practices Act)**

46. Plaintiffs repeat and reallege paragraphs 1 - 45, above, as though fully set forth herein.

47. This is a claim for unfair and deceptive trade practices under the Connecticut Unfair and Deceptive Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), *et seq.*

48. The actions of Mueller described herein constitute unfair and deceptive acts or practices, which have deceived and will continue to deceive Plaintiffs' customers and potential customers and which have injured and will continue to injure the goodwill, reputation, and business of Plaintiffs.

49. The actions of Mueller described herein are in and affecting commerce and are unfair and/or deceptive acts or practices in violation of CUTPA.

8

50. As a direct and proximate result of Mueller's unfair and deceptive conduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be determined at trial.

51. Further, by its actions, Mueller has irreparably injured Samkwang, and such irreparable injury will continue unless this Court enjoins Mueller.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Mueller, and against respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Mueller, as follows:

A. Declare that Mueller has infringed Plaintiff's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 and/or Connecticut common law;

B. Declare that Mueller's unauthorized sale and use in commerce of its vegetable slicer product bearing the Vidalia Chopper Pro tradename is confusingly similar to Plaintiffs' VIDALIA CHOP WIZARD Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a), as a false designation of origin, false description or representation;

C. Declare that Mueller's acts and practices as set forth herein constitute unfair competition in violation of the Connecticut Unfair Trade Practices Act, and award Plaintiffs damages resulting therefrom, including but not necessarily limited to compensatory damages, lost profits, and/or a disgorgement of Mueller's profits as permitted by law;

D. Preliminarily and permanently enjoin Mueller from further infringement of Plaintiff's VIDALIA CHOP WIZARD Marks and/or otherwise engaging in

wrongful conduct as set forth herein;

E. Declare that Mueller's acts as complained of herein shall be deemed willful, and/or that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117(a) and/or CUTPA Conn. Gen. Stat. § 42-110(g) and further declaring that Plaintiffs are entitled to treble damages;

F. Award Plaintiffs statutory damages in connection with Count I for Mueller's intentional and willful violation of 15 U.S.C. § 1114(1)(a) pursuant to 15 U.S.C. § 1117;

G. Award Plaintiffs statutory damages in connection with Count II for Mueller's intentional and willful violation of 15 U.S.C. § 1125(a) pursuant to 15 U.S.C. § 1117;

H. Award Plaintiffs statutory damages in connection with Count IV pursuant to CUTPA;

I. Award Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

J. Award any such other relief to which Plaintiffs are entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Date: July 19, 2017                                         Respectfully submitted,

                                                        /s/ Steven M. Coyle
                                                        Steven M. Coyle, Esq. (ct21039)
                                                        scoyle@cantorcolburn.com
                                                        Tasia E. Hansen, Esq. (ct29498)
                                                        thansen@cantorcolburn.com
                                                        CANTOR COLBURN LLP
                                                        20 Church Street, 22nd Floor
                                                        Hartford, CT 06103
                                                        Tel. (860) 286-2929
                                                        Fax. (860) 286-0115

                                                        *Attorneys for Plaintiffs*